IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

In Re: Stephen A. Griffin, Debtor          Case No: 2:02BK70245M
                                           Chapter 7

BARBARA GRIFFIN                                          APPELLANT

v.                        CASE NO. 06-CV-2055

RICHARD COX                                               APPELLEE


**MEMORANDUM OPINION AND ORDER**

Appellant Barbara Griffin filed a *pro se* appeal of decisions of the Bankruptcy Court for the Western District of Arkansas which denied what she titled, "Homestead Advisement of Third-Party Intervention and Motion to Strike Trustee's Amended Motion for Turnover for Failure to Comply with Rule 7001, and for Abstention" and her Response to Amended Motion for Turnover. Currently before the Court are Appellant's opening brief (Doc. 7), Appellee's brief (Doc. 8), and Appellant's reply brief (Doc. 9). For reasons reflected herein, the decision of the Bankruptcy Court is AFFIRMED.

**Background**

Barbara ("Appellant") and Stephen Griffin were married in April 2000. On January 14, 2002, Stephen Griffin filed a voluntary Chapter 11 petition for bankruptcy. On February 5, 2003, Mr. Griffin's case was converted to a Chapter 7 proceeding and Richard L. Cox ("Appellee") was appointed Trustee of the Chapter 7 estate.

Mr. Griffin originally claimed a home at 10720 Hunter's Point, Fort Smith, Arkansas, on his Schedule "C" as exempt under 11 U.S.C. § 522(d)(1) valuing the exemption at $7,700.00. At that time, he

1

claimed no exemption in a home at 11007 Hunter's Point. He amended his claimed exemptions seven times switching back and forth between the federal exemption and with the exemptions under the Constitution of the State of Arkansas. The amendments also switched Mr. Griffin's homestead exemption between 11007 Hunter's Point and 10720 Hunter's Point.

On January 25, 2005, an Agreed Order was entered setting aside a second mortgage on 11007 Hunter's Point as a technical fraudulent conveyance. The avoidance of the mortgage then resulted in equity for the property. Thereafter, Mr. Griffin amended his Schedule "C" to claim a homestead exemption in 11007 Hunter's Point which he valued at $300,000.00. Appellee filed an objection to the amended exemptions.[1] On September 8, 2005, Appellee filed a Motion for Turnover of the real and personal property located at 11007 Hunter's Point. Appellant filed a *pro se* pleading opposing the Trustee's Motion for Turnover of Property. On October 10, 2005, Appellee filed an Amended Motion for Turnover of Property. On January 20, 2006, Appellant filed a *pro se* pleading titled, "Homestead Advisement of Third-Party Intervention and Motion to Strike Trustee's Amended Motion for Turnover for Failure to Comply with Rule 7001, and for Abstention". The Bankruptcy Court held a hearing on the motions on February 13, 2006. Appellant presented no evidence of ownership of 11007 Hunter's Point other than a mortgage co-signed by her in 2002. The Bankruptcy Court found

---

[1] Appellee claimed, *inter alia*, that the avoidance of the second mortgage under § 548 was a voluntary transfer of Mr. Griffin and he was not entitled to claim an exemption in the property pursuant to 11 U.S.C. § 522.

2

Appellant, because of her marriage to the owner of the property, had an inchoate dower interest. The Bankruptcy Court denied Appellant's motions, granted Appellee's motion for turnover, and sustained Appellee's objections to Mr. Griffin's latest Schedule "C" amendments. Appellant filed this *pro se* appeal on May 25, 2006.

**Standard of Review**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See* Fed. R. Bankr. P. 8013. Conclusions of law are reviewed de novo, while factual findings will not be set aside unless "clearly erroneous." *Id.*; *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir. 1990). "A finding is 'clearly erroneous' when, although there is evidence to support it, the court reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re U.S.A. Inns of Eureka Springs, Arkansas, Inc.*, 151 B.R. 492, 494 (Bankr. W.E. 1993), *aff'd* 9 F.3d 680 (8th Cir. 1993).

**Discussion**

Appellant lists eight points in her appeal. The arguments center on her contention she has a homestead exemption in 11007 Hunter's Point. Appellant contends she does not need to own the property, but only needs to live in the home, be married, and be a resident of the State of Arkansas to claim a homestead exemption. Appellant is misguided for ownership of the property is the hallmark of the homestead exemption. The homestead exemption, created by the Arkansas Constitution, Art. 9, § 3, allows the homestead of any resident of the State, who is married or the head

3

of a family, to be exempt from judgments, attachments, or execution liens. It is neither an estate nor a vested interest, but rather an exemption from legal process. *See Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). One must own and actually occupy a residence on land in order to establish a homestead right which would exempt it from judgments, attachments or execution liens. *Keesee v. Bushart*, 203 Ark. 668, 158 S.W.2d 915 (1942).

We agree with the finding of the Bankruptcy Court that Appellant has an inchoate right of dower. A right of dower remains only as an inchoate right, and not an estate, until the husband's death. *See Mickle v. Mickle*, 253 Ark. 663, 488 S.W.2d 45 (1972). The right of dower is only a contingent expectancy during the lifetime of the husband. *Id.* at 668. A mere future contingent interest in the property is not such an interest as will support a claim for homestead. *Keesee*, 203 Ark. at 916. We affirm the Bankruptcy Court's decision in denying Appellant's motion.

Appellant contends she offered evidence as to her personal property by marking it with a 'B' on an appraisal list. Appellee contends all such household goods belonged to Mr. Griffin. To support this contention, Appellee introduced Mr. Griffin's original Schedules and Statement of Financial Affairs that reflected Mr. Griffin as the sole owner. The Bankruptcy Court found that Appellant had not offered any evidence that the personal property belonged to her. Rule 8013 requires the appellate court to give due regard "to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. We do not find the Bankruptcy Court to be "clearly erroneous" in its finding. We find Appellant's other arguments to be without merit.

4

**Conclusion**

The decision of the Bankruptcy Court to deny Appellant's Homestead Advisement of Third-Party Intervention and Motion to Strike Trustee's Amended Motion for Turnover for Failure to Comply with Rule 7001, and for Abstention and is AFFIRMED and the appeal is DISMISSED. All parties are to bear their own costs and fees.

IT IS SO ORDERED.

/s/Robert T. Dawson
Hon. Robert T. Dawson
United States District Judge